IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Noel Rezene, #42606-007,  ) | C/A No. 8:14-2404-RBH-JDA |
| ) | |
| Petitioner,  ) | |
| ) | |
| vs.  ) | |
| ) | REPORT AND RECOMMENDATION |
| Warden Mansukhani, FCI Estill,  ) | |
| ) | |
| Respondent.  ) | |
| _____ ) | |

Noel Rezene ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner incarcerated at FCI-Estill, in Estill, South Carolina. He seeks to dismiss criminal charges pending against him in the Commonwealth of Virginia because the Commonwealth has allegedly violated the Interstate Agreement on Detainers Act ("IADA"). The Petition is subject to summary dismissal.

Background

As an initial matter, Petitioner does not describe what crime he was convicted of and is currently serving in Estill, South Carolina; also, he does not seek to attack that conviction or his unspecified sentence. [*See generally* Doc. 1 at 1–9; Doc. 1-1 at 1–5.] Petitioner requests this Court to order a court in the Commonwealth of Virginia to dismiss pending criminal charges against him—failure to appear and distribution of controlled drug—and to remove the detainer which the Fairfax County Sheriff's Department lodged against him related to those charges. [Doc. 1 at 2, 6–8; Doc. 1-1 at 1.] He alleges he followed all procedures to notify Fairfax County that he requested a speedy trial and to require the county to comply with the time allotted in the rules under the IADA (180 days), but the

county failed to comply. [Doc. 1 at 7; Doc. 1-1 at 1–3.] He alleges generally that he exhausted the IADA requirements before filing this action. [Doc. 1-1 at 3.]

Petitioner alleges this Court has jurisdiction pursuant to § 2241 because he is currently incarcerated in Estill, South Carolina, and, thus, "relief can be dispensed by" this Court. [*Id.* at 4.] Further, he alleges that under the IADA, South Carolina is the "sending state" and the "receiving state" is the state in which trial is to be had on an indictment. [*Id.*] He contends that a sending state may quash a detainer lodged by another state under limited circumstances where the prisoner's rights under the IADA have been violated and the receiving state has failed to dismiss the indictment. [*Id.* at 4–5.] Petitioner requests this Court to "grant an order forever dismissing the said charges . . . lodged by the Commonwealth of Virginia, with prejudice." [*Id.*]

## Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89,

93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner filed this habeas corpus action pursuant to 28 U.S.C. § 2241. A writ under § 2241 by a federal prisoner ordinarily must be brought against the warden of the facility where the prisoner is being held, and a court may only issue a writ if it has jurisdiction over the custodian. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); 28 U.S.C. § 2241(a). Section 2241 "has been construed to allow a petitioner held in one state to challenge a detainer lodged against him by another state." *Graham v. Brooks*, 342 F. Supp. 2d 256, 261 (D. Del. 2004). As a Delaware federal district court has explained,

> when a federal prisoner challenges his future confinement by challenging a state detainer, the federal warden is not 'the person who [holds] him in what [is] alleged to be unlawful custody.' . . . In this scenario, the petitioner is deemed to be in custody of the state officials lodging the detainer, at least for the purposes of the habeas action.

*Graham*, 342 F. Supp. 2d at 261 (citation omitted). Thus, a petitioner may bring a § 2241 action in a state different from where he is incarcerated in order to challenge a detainer against the state officials lodging the detainer, after exhausting available administrative remedies provided by the IADA. *Id*. at 262; *see also Bennett v. Attorney Gen. of Florida*, C/A No. 6:07-3505-PMD, 2007 WL 4146779, at *3 (D.S.C. Nov. 20, 2007) (relying on

3

*Graham*, to determine that the petitioner should file a § 2241 in Florida because the detainer was issued there).

In this case, for purposes of a habeas action related to an alleged unlawful detainer lodged by Fairfax County Virginia officials, Petitioner is deemed to be in the custody of the state officials lodging the detainer—Fairfax County Virginia officials. Thus, Petitioner's § 2241 action is improperly filed in this district because this Court does not have personal jurisdiction over the custodian in order to issue a writ directed to the custodian. *See Bennett*, 2007 WL 4146779, at *2–3 (explaining that the South Carolina federal district court lacked personal jurisdiction over the Florida Attorney General and other officials connected with the detainer).

Petitioner contends that a sending state may quash a detainer lodged by another state under limited circumstances where the prisoner's rights under the IADA have been violated and the receiving state has failed to dismiss the indictment. He relies on *Williams v. Fed. Med. Ctr.*, C/A No. 07-CV-128-JBC, 2007 WL 2702329 at *3–8 (E.D. Ky. Sept. 11, 2007), where the district court in Kentucky quashed a detainer lodged by state officials in Georgia. This Court has reviewed the *Williams* case, which is not binding precedent on this Court, and it does not help Petitioner in his attempt to have this Court dismiss the Virginia pending criminal charges with prejudice. In *Williams*, the court further ruled that it was not authorized to dismiss the pending charges in Georgia. *Id.* Therefore, even if this Court has jurisdiction over the § 2241, Petitioner does not allege a cognizable claim because this Court does not have authority to grant the relief requested by Petitioner to dismiss the pending criminal charges in Virginia with prejudice. *See Williams*, 2007 WL

4

2702329 at *3–8; see also *Eade v. Cannon*, C/A No. 6:12-854-JFA-KFM, 2012 WL 2458154 at *3 (D.S.C. May 31, 2012). Therefore, this action should be dismissed without prejudice for lack of jurisdiction or failure to state a cognizable claim.

### Recommendation

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

August 7, 2014
Greenville, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).